# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50537
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHN NATHAN MCLAUGHLIN, also known as John McLaughlin,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-189-17

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

In challenging the reasonableness of his 120-month sentence, which was within the advisory sentencing range under the Sentencing Guidelines, and imposed after he pleaded guilty to conspiracy to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, John Nathan McLaughlin asserts the sentence is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). In that regard, he contends the district court

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-50537

failed to consider:  his expressed desire to become a better person; and his assertion at sentencing that the pre-sentence investigation report (PSR) identified the incorrect purity of the methamphetamine seized from him. Additionally, he maintains the court erred in giving weight to:  his criminal history; and a reference in the PSR to some co-conspirators' possible Aryan Brotherhood membership.  Furthermore, he points to unrelated cases in which defendants responsible for greater quantities of methamphetamine received lower sentences.

Although post-*Booker,* the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  But, because McLaughlin did not raise in district court the issues presented on appeal, review is only for plain error.  *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, McLaughlin must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

A within-Guidelines sentence is entitled to a presumption of reasonableness.  *E.g., United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012).  McLaughlin fails to show the court committed the requisite clear-or-obvious error in either its calculation of the advisory Guidelines sentencing range or its selection of the sentence within that range.  *See Gall*, 552 U.S. at 51; U.S.S.G. § 2D1.1(c)(5).  Additionally, assuming *arguendo*, the court gave

No. 15-50537

inadequate reasons for the sentence, McLaughlin is unable to show a more thorough explanation would have resulted in a lower one. *See Gall*, 552 U.S. at 51; *United States v. Mondragon-Santiago*, 564 F.3d 357, 364–65 (5th Cir. 2009). In short, McLaughlin fails to show clear or obvious error that rebuts the presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.